# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**CHARLES EDWARD WALLS, #71011**                      **PLAINTIFF**

**VS.**                           **CIVIL ACTION NO. 3:11CV514-LRA**

**JOSEPH MOORE**                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion for Summary Judgment [36] filed by Defendant Joseph Moore on October 16, 2012. Charles Edward Walls ["Plaintiff"] has filed a response [39] to the motion, and all pleadings have been considered by the Court. The Court finds that the motion is well advised and shall be granted.

## I.   Facts and Procedural History[1]

Plaintiff testified that on July 19, 2011, he was housed in the Hinds County Detention Center in Raymond, Mississippi. He was coming back to his pod from his GED classes. Defendant Deputy Moore was transporting an inmate [Baker] from another pod. Two other officers were also present, officers Bracey and Hughes. Plaintiff asked Baker what he was doing, and Defendant instructed Plaintiff not to talk to him. Plaintiff turned to Baker and said "can't even talk to another inmate." Defendant asked "what did you say?" and slapped his school papers out of Plaintiff's hands. Plaintiff told him that he was not talking to him; Defendant replied "you need to speak when spoken to...." He punched

---

[1] The facts primarily are taken from Plaintiff's Complaint and from his sworn testimony at the omnibus hearing conducted by the undersigned on May 16, 2012. The facts are presented in a light most favorable to Plaintiff.

Plaintiff in his chin, and Plaintiff said "f___ you" to him.  Then, Defendant pulled out his mace and sprayed Plaintiff in his face.  Plaintiff began running away from him.  Because his eyesight was blurred by the mace, he fell when his shoulder hit the control tower.  Another deputy came and took him to the medical unit.

According to Plaintiff, the next day his knees were swollen, and the doctor prescribed him medications.  He has a bullet in his leg from a prior incident, and the fall made his leg hurt; he testified that he had never had knee problems until this incident.

In his Complaint, page 4, Plaintiff asked for the following relief:

> I would like to press charges on Joseph Moore and be moved from this Raymond Detention Center as soon possible.

At the omnibus hearing, Walls additionally asked for monetary compensatory damages, both for his physical injuries and for his mental anguish.  Specifically, Walls testified as follows:

> At the time when I filed the lawsuit, I just wanted to be moved out of the facility that he was in and that he just not come around me no more because — but after I kept going to the medical and now that I know my knees are messed up, the relief I was seeking was $50,000 for my pain and suffering and a hundred thousand for mental anguish for being teased by Officer Hughes from this incident.  If this incident wouldn't have happened, I wouldn't be suffering, I wouldn't be having no type of pains at all.

ECF No. 36-2, p. 13.

2

Walls has never filed a written request to amend his Complaint to ask for monetary damages. Defendant Moore is no longer employed at the detention center, and Plaintiff is no longer housed there.

Defendant's version of the facts differs somewhat from Plaintiff's, although he acknowledges that he sprayed Plaintiff with mace after an incident on that date. He does not acknowledge hitting Plaintiff. The "Use of Force Report" prepared by Defendant Moore contains his version of the events that occurred on July 18, 2011, quoted as follows:

> On the above date and time Inmate Charles Walls, #71011, interfered in the transfer of inmates on entering B-pod. I, Deputy Joseph Moore, asked inmate Walls to stand aside and quit asking the transfer inmates questions. Inmate Walls told me, Deputy Moore, "you can't tell me what the f___ to do." And inmate Walls then began to get hostile towards me, Deputy Moore. So, I asked Deputy Hughes for his mace, so I could put inmate Walls back in control, and control his combative demeanor. Inmate Walls was sprayed and sent to medical. Lt. Brumfield was notified of the incident.

ECF No. 36-3, p. 6.

Defendant has attached Walls's medical records and his jail file in support of his request to dismiss this case, and those records will be discussed in the analysis of the law. The Court notes that the medical and jail records do not confirm that Plaintiff was injured in the incident which occurred on July 18, 2011, at the jail— the records only reflect that mace was applied. The records do not confirm Plaintiff's testimony that he was treated for knee injuries after the incident.

3

Defendant contends that there is no record that Plaintiff filed a grievance with the Hinds County Detention Facility regarding the incident. He does not request that the Court dismiss the Complaint on the basis that Plaintiff failed to exhaust his administrative remedies.

**II.     Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

**III. Analysis**

    **B.**    **Eighth Amendment Excessive Force Claim**

The Due Process Clause, applicable to the States through the Fourteenth Amendment, protects a pretrial detainee from excessive force that amounts to punishment. *Graham v. Conner*, 490 U.S. 386, 395, n. 11 (1989). To prevail on an excessive force claim, plaintiffs must establish (1) an injury which is more than *de minimis* (2) which resulted directly and only from a use of force that was clearly excessive to the need, and (3) the excessiveness of which was clearly unreasonable. *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007) quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005).

Defendant Moore argues there was no excessive force because (1) he was acting to restore order and (2) that the injury was *de minimis.* As support, Defendant submits the medical reports, and the incident report authored by Moore.

The Court finds that the applicable law requires that judgment be entered in Defendant's favor. The medical record, coupled with Plaintiff's testimony, confirms that Plaintiff did not receive more than a *de minimis* injury in the incident due to the actions of Defendant Moore. Plaintiff testified that his knee injuries occurred after he ran off toward the control tower and fell on his knees. Furthermore, he had a prior knee injury due to being shot. The force used by Moore to restore order was not the "force" which caused Plaintiff's knee injuries.

The medical record confirms that Plaintiff did not complain about his knee the day after the incident; instead, he reported that he was "alright now."  It was not until four months later, on November 2, 2011, that he complained about his knee hurting after the weather turned cold.  The medical records do not support a finding that Plaintiff's knee injuries were caused by the actions of Defendant Moore.  Even if Plaintiff could make that that claim, injuries to his knee would be due to negligence rather than a knowing act on the part of Defendant Moore.

The United States Supreme Court discussed Eighth Amendment claims in the case of *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010).  The extent of the injury is one factor to be considered when determining whether or not force used in a particular situation violated the United States Constitution.  The Court reiterated its statement in *Hudson v. McMillian*, 503 U.S. 1, 7 (1992), that not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Under the circumstances herein, the Court finds that no Eighth Amendment claim may be maintained.  Even if an Eighth Amendment claim has been asserted, Moore's assertions of qualified immunity would prevent a monetary judgment under the circumstances of this case.

Additionally, Plaintiff did not request monetary damages in his Complaint.  He only asked to be moved from that facility and that he be allowed to press charges against Defendant Moore.  As Defendant points out, this Court has no authority to grant the relief regarding pressing criminal charges under § 1983.  *Amir-Sharif v. District Attorney's Office*

*of Dallas County*, 281 Fed. Appx. 413 (5th Cir. 2008) (citations omitted) (private citizens have no constitutional right to press criminal charges).  Moore is no longer employed there, and Plaintiff no longer is housed there.  Walls's request for injunctive relief is now moot.  Plaintiff's *ore tenus* request to be granted monetary damages shall be denied as futile under the circumstances of this case.

The undersigned finds that there is no genuine issue of material fact remaining as to whether Walls suffered more than a *de minimis* injury, and Defendant Moore is entitled to a judgment at law.

### IV.    Conclusion

The Court finds that Defendant Moore's Motion for Summary Judgment [36] should be and is hereby granted.  A judgment at law shall be entered in favor of Defendant Moore, and the Complaint is dismissed with prejudice.

THIS the 12th day of September 2013.


                              /s/ Linda R. Anderson
                              UNITED STATES MAGISTRATE JUDGE